(108 App. Div. 295.)

RANKIN v. BUSH et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. BANKS AND BANKING—NATIONAL BANKS—LIABILITY OF CASHIER FOR MIS-
APPROPRIATING FUNDS.
The mere fact that the directors of a national bank joined with the
cashier as wrongdoers, and thus assumed liability with him for his
wrongful act in misappropriating the funds of the bank, could not make
the transaction a valid one, or affect the right of the bank to recover
on the bond of the cashier.

2. PLEADING—STRIKING OUT IRRELEVANT MATTER.
Code Civ. Proc. § 545, authorizing the court to strike out irrelevant
and redundant matter, applies to allegations which are irrelevant or re-
dundant to the cause of action or to a defense pleaded, but does not au-
thorize the determination of the validity of a defense on a motion to
strike out the answer.
[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1093.]

Appeal from Special Term, New York County.

Action by George C. Rankin, as receiver of the Elmira National
Bank, against John J. Bush, impleaded with others. From an order
striking out certain allegations of the answer, John J. Bush appeals.
Reversed.

See 92 N. Y. Supp. 866.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE,
INGRAHAM, and LAUGHLIN, JJ.

C. Tracey Stagg, for appellant.
Winston H. Hagen, for respondent.

INGRAHAM, J. I am inclined to think that these allegations
in the answer should not have been stricken out. Assuming that
the respondent is correct in his contention that this alleged act of
the directors of the Elmira Bank was ultra vires, the mere fact that
the directors joined with the defendant Bush as wrongdoers, and
thus assumed liability with him for the wrongful act in misappro-
priating the funds of the bank, could not in any way make the
transaction a valid one or affect the bank. Still the defendants
have pleaded these facts as a defense. Striking them out on motion
is in substance determining the validity of such a defense, and that
I do not think was proper upon motion. If the defense as a whole
is not sufficient, the plaintiff can raise that question by demurrer
or upon the trial of the action.

Section 545 of the Code of Civil Procedure, authorizing the court
to strike out irrelevant and redundant matter, applies to allega-
tions which are irrelevant or redundant to the cause of action, or to
a defense pleaded. Without expressing any opinion upon the validity
ity of this defense as pleaded, I think the proper way to present the
question as to its sufficiency is either by demurrer or upon the trial.

It follows that the order appealed from should be reversed, with
$10 costs and disbursements, and the motion denied, with $10 costs.
All concur.